LAW OFFICES OF_____
# THOMAS H. SHIAH, LTD.
331 SECOND AVE SOUTH, SUITE 705
MINNEAPOLIS, MN 55401

Phone (612) 338-0066
Fax (612) 341-0116
e-mail: ths@tomshiah.com
Cell (612) 508-8787

December 8, 2025

Daniel W. Bobier, Esq.
Harry M. Jacobs, Esq.
Assistant United States Attorney
600 United States Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

DEMAND FOR DISCOVERY AND OTHER DISCLOSURES
Re:  United States v. Fadumo Mohamed Yusuf
     Ct. File No. 24-15 (6) (NEB/DTS)

Dear Mr. Bobier and Mr. Jacobs:

   Please be informed that Defendant in the above-referenced case hereby makes demand, pursuant to Federal Rules of Criminal Procedure 12(b)(4)(B), and 16, Federal Rule of Evidence 404(b), and *Brady v. Maryland*, 373 U.S. 83 (1963), for disclosure of all the following specifically enumerated material:

   1) The results of any physical or mental examinations, scientific tests or experiments and permission for Defendant to inspect, copy, or photograph the results or reports of physical or mental examinations, scientific tests or experiments, or copies thereof, that are material to the preparation of the defense or that are intended for use by the Government as evidence in chief at trial, including but not limited to permission to inspect or obtain copies of any test results as well as the results of any fingerprint examinations that may have been performed.  Fed. R. Crim. P. 16(a)(1)(F).

   2)  The criminal records, if any, for Defendant and all his alleged co-conspirators. Fed. R. Crim. P. 16(a)(1)(D).

   3)  Any relevant written or recorded statements within the meaning of Rule 16(a)(1)(A) and (B) of the Federal Rules of Criminal Procedure made by Defendant or his alleged co-conspirators, whether named or unnamed.

   4) Copies of any complaints, arrest warrants, and search warrants, together with supporting affidavits and inventories, that were issued or applied for during this investigation.

5) Notice of intention to use (in its evidence in chief at trial) any evidence that Defendant is entitled to discover in order to afford Defendant an opportunity to move to suppress the evidence and to prepare for trial. Fed. R. Crim. P. 12(b)(4)(B).

6) Copies of any orders, applications, and/or supporting affidavits for electronic surveillance that were issued or applied for during this investigation. 18 U.S.C. §§ 2518(8)(b), (8)(d), (10)(a).

7) A written summary of any testimony the Government intends to use under rule 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial, including a description of the witness's opinions, the bases and the reasons therefore, and the witness's qualifications.

8) The grand jury minutes and records of the grand jury or the grand juries that heard evidence in this matter, including any no-bills, the dates of the grand jury's or grand juries' tenure, and the names of the witnesses who testified together with the dates of their testimony.

9) Any exculpatory evidence and any evidence that would tend to mitigate punishment or is otherwise "helpful" to the defense or "favorable" to Defendant. *Brady v. Maryland*, 373 U.S. 83 (1963).

10) The identities of all informants who were witnesses to or participants in the crimes charged in the indictment or crimes concerning which the prosecution intends to introduce evidence at trial and whose identity would be relevant and helpful to the defense or essential to a fair determination of this case. *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957).

11) Any information provided by informants, their criminal records, and the incentives provided to those informants to provide the information, including but not limited to amounts of money, plea bargains, grants of immunity, and any other considerations or inducements. *Bagley v. United States*, 473 U.S. 667, 676 (1985).

12) Notice of its intent to introduce evidence that Defendant or any alleged co-conspirators have been convicted of a crime. Fed. R. Evid. 609.

13) Copies of all investigative reports (such as interview reports, surveillance logs, informant debriefings) relating to this investigation that might be helpful to the defense. *Brady v. Maryland*, 373 U.S. 83, 87-88 (1963).

14) All disclosures required by Rules 16, 12(h), and 26.2 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

15) Copies of any handwritten or tape-recorded notes of interviews, debriefings, or surveillances of Defendant, the alleged co-conspirators, witnesses, and informants made during this investigation. Fed. R. Crim. P. 16(a)(1)(A), (B), and (E).

16) Production of all informants for the purpose of conducting pretrial interviews or calling those persons as witnesses. *United States v. Padilla*, 869 F.2d 372, 376 (8th Cir. 1986).

17) Copies of any sound recordings pertaining to the investigation in this matter, including any enhancements thereof, and any logs thereof, whether or not deemed to be audible by the Government.

18) The names, addresses, phone numbers, and prior criminal records of all witnesses the prosecution intends to call at trial. *United States v. John Bernard Industries, Inc*., 589 F.2nd 1353, 1357-58 (8th Cir. 1979).

19) All incentives offered or provided to each witness whom the Government intends to call at trial, including without limitation: amounts of money, plea bargains, grants of immunity, or any other considerations or inducements. *United States v. Bagley*, 473 U.S. 667, 676 (1985).

20) All exhibits the Government intends to offer at trial pursuant to Rule 1006 of the Federal Rules of Evidence and all documents upon which those exhibits are based in order to afford Defendant an opportunity prepare for trial and to move to suppress the evidence. Fed. R. Crim. P. 12(b)(4)(B).

21) Notice of its intent to introduce any evidence of other crimes, wrongs, or bad acts allegedly committed by Defendant or any alleged co-conspirator. Fed. R. Evid. 404(b).

Yours very truly,

**LAW OFFICES**
**THOMAS H. SHIAH, LTD.**

By    *Thomas H. Shiah*
      Thomas H. Shiah

THS: lc